UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OCWEN LOAN SERVICING LLC,      )
                               )
               Plaintiff,      )
                               )
v.                             )        Case No. 17-cv-2405-JAR-TJJ
                               )
TIMOTHY I. MOMAN,              )
                               )
               Defendant.      )

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND ORDER TO SHOW CAUSE**

**TO THE DEFENDANT:**

Defendant Timothy I. Moman removed this action on July 12, 2017, by filing a Notice of Removal (ECF No. 1) of a Petition for Foreclosure of Mortgage filed by Plaintiff Ocwen Loan Servicing LLC in the District Court of Johnson County, Kansas. Defendant has filed a Motion to Proceed Without Prepayment of Fees (ECF No. 3) with an attached affidavit of financial status. Under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), the court may authorize the defense of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is financially unable to pay the required filing fee.[1] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[2]

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee.").

[2] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

1

Based on the information provided in his financial affidavit, Defendant has shown a financial inability to pay the required filing fees. Defendant is currently employed, but his reported monthly expenses are nearly as great as his income.  In addition, the Court notes the action is one for foreclosure of Defendant's home.  The Court will therefore grant Defendant's Motion to Proceed Without Prepayment of Fees pursuant to 28 U.S.C. § 1915(a)(1).

Although Defendant is granted leave to proceed without prepayment of the filing fee, the Court conducts a review under 28 U.S.C. § 1915(e)(2)(B) to determine whether this case is subject to dismissal.[3]

Defendant removed this case under the authorizing statute which states in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States."[4]  Removal is entirely a statutory right, and therefore the removing party must follow the relevant statutory procedures.[5]  At any time before final judgment, the district court must remand a case that appears to have been removed improvidently.[6]  The burden of showing that removal is proper is with the removing party.[7]

---

[3] *See* 28 U.S.C. § 1915(e)(2)(B) (court shall dismiss case if it fails to state a claim upon which relief may be granted).

[4] 28 U.S.C. § 1441(a).

[5] *Cohen v. Hoard*, 696 F. Supp. 564, 565 (D. Kan. 1988).

[6] *Id.*  28 U.S.C. § 1447(c) requires remand if it appears the district court lacks jurisdiction.  The inadequacy the Court finds in this case is procedural but not jurisdictional. *Farm City Ins. Co. v. Johnson*, 190 F. Supp. 2d 1232, 1236 (D. Kan. 2002) (explaining that "the 30–day time requirement for removal is mandatory" but "not jurisdictional").  However, the law in this circuit is that failure to comply with the express statutory requirements for removal "can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999).

Defendant asserts removal is proper because complete diversity exists between Plaintiff Ocwen Loan Servicing LLC, a national bank with a registered main office located in Florida that is therefore considered a citizen of Florida for diversity purposes, and Defendant Moman who is a citizen of Kansas.  In addition, Defendant states that Ocwen is seeking to collect a debt relating to and to foreclose on real property whose value is greater than $75,000.  Accordingly, Defendant contends jurisdiction exists pursuant to 28 U.S.C. § 1332.[8]

A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."[9]  In his notice of removal, Defendant states that he "received notice of the Complaint on March 31, 2017, via the court clerk.  Service has been effectuated by the court on February 7, 2017."[10]  Under a heading of "Procedural Requirements – Timeliness," Defendant asserts he "first received notice of the Complaint on March 31, 2017."[11]  While it is unclear what Defendant knew as of February 7, the Court is cognizant that because Defendant proceeds pro se, his pleadings are liberally construed.[12]  Accordingly, for purposes of this Order, the Court finds that Defendant received a copy of the initial pleading on March 31, 2017.  Calculating 30 days from that date yields a

---

[7] *DeYoung v. Lorentz*, 887 F. Supp. 254, 257 (D. Kan. 1995) (citation omitted).

[8] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

[9] 28 U.S.C. § 1446(b)(1).

[10] ECF No. 1 at 2 ¶3.

[11] *Id.* at 2 ¶5.

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

deadline of May 1, 2017 for Defendant to file a notice of removal.[13]  Defendant did not file his Notice of Removal until July 12, 2017.  It is therefore untimely, and subject to remand to state court.[14]

The Court also notes that in a civil action removed under Section 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."[15] The Complaint in this case filed by Ocwen names seven Defendants in addition to Timothy I. Moman.[16]  The 21-day deadline for Moman to file in this court a copy of all state court records and proceedings has not passed,[17] and as of the date of this order he has not done so. Accordingly, the Court is unaware whether any or all of these other defendants have been properly joined and served.  At this time, therefore, the Court does not find an additional procedural deficiency caused by fewer than all defendants joining in or consenting to the Notice of Removal.  Neither will the Court require Defendant to show cause with respect to the other named defendants, as service on those persons and entities is not his responsibility.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Proceed Without Prepayment of Fees (ECF No. 3) is hereby granted.

---

[13] The 30th day, April 30, 2017, fell on a Sunday.

[14] *See DeYoung*, 887 F. Supp. at 258-59.

[15] 28 U.S.C. § 1446(b)(2)(A).

[16] ECF No. 1-1 at 3-4.

[17] *See* D. Kan. Rule 81.2 ("Within 21 days after filing the notice of removal, the removing party must file with the clerk of this court a copy of all records and proceedings had in the state court. The court may remand any case sought to be removed to this court for failure to comply with this rule.").

5

**IT IS FURTHER ORDERED** that Defendant is hereby required to show good cause in writing to the Honorable Julie A. Robinson, United States District Judge, on or before **August 15, 2017**, why this action should not be remanded for failure to timely file a notice of removal.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 27th day of July, 2017.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge
